No. 100.—JOB ROGERS, plaintiff in error, vs. WM. SOLOMONS et. al. administrators, &c. defendants. WM. SOLOMONS et al. administrators, &c. plaintiffs in error, vs. JOB ROGERS, defendant.

[1.] With respect to the allowance or disallowance of supplemental bills, Courts of Equity ought to follow the Statute of Amendments of 20th February, 1854.

[2.] When a supplemental bill has been allowed, the injunction in the original bill should not be dissolved until the equity contained in the supplemental bill, as well as that contained in the original bill, has been sworn off.

In Equity, in Floyd Superior Court. Decisions by Judge TRIPPE, November Term, 1854.

The facts of this case are fully set forth in 14th Ga. R. p. 320, except that when Atkinson, administrator, &c. obtained the judgment against Rogers and the executors of Hargroves, the appeal was entered by the executors of Hargroves alone. It seemed, however, that all parties had acted on the opinion, that the appeal operated for all the defendants. With this exception the facts are correctly stated. After the decision of the Supreme Court, reported in the 14th Vol. no further steps were taken in the cause until November Term, 1854, when the complainant, Rogers, offered the same matter which he had previously moved as an amendment, in the shape of a supplemental bill, supported by affidavit. This application was refused by the Court; to which decision the complainant excepts.

Thereupon, the respondents moved to dissolve the injunction, on the following grounds:

1st. That all the equity in the bill is sworn off by the answers.

2d. That the complainant has no interest in it, as he had not appealed; and the judgment was final and conclusive, as to him, and fixed his liability before the agreement was made, which is sought to be enforced and reformed; and he was fixed

as a principal, in the verdict of the Jury and judgment of the Court, he having been sued as a partner and principal.

3d. That many of the important facts stated in the bill, are stated and sworn to, on information and belief alone.

This motion was over-ruled by the Court; and to this decision the respondents except.

UNDERWOOD; ALEXANDER, for Rogers.

AKIN; McDONALD, for Solomons.

*By the Court.*—BENNING, J. delivering the opinion.

I shall first consider the case of Rogers against Solomons and others.

In that case, the sole question is, whether Rogers should have been allowed to file the supplemental bill?

We think that if the allegations in the supplemental bill be true, equity is in that bill.

And that being so, the supplemental bill ought to have been allowed, as a matter of course, unless some special reason existed to make the allowance of it improper.

[1.] Did any such reason exist? Perhaps there did until the passage of the Act of the last Legislature on the subject of amendments. (*Pamph.* 1853–'4, 48.) By that Act, parties, whether at Law or in Equity, may, in any stage of the cause, amend their pleadings in all respects, whether in matter of form or matter of substance.

Now the difference between a supplemental bill and an amendment to the bill, is, for all practical purposes, merely technical. Under the maxim, therefore, that Equity follows the Law, Courts of Equity ought, as to supplemental bills, to follow this Statute as to amendments.

And, indeed, the matter of this supplemental bill is such matter as is suitable for introduction into the bill by way of amendment. (1 *Daniel's Ch. Pr.* 510, 511.) And by the Statute aforesaid, the time for amending never going by, this

·matter, should this supplemental bill be refused, would, if the· plaintiff wished it, have to be introduced into the bill by way of amendment. To refuse the supplemental bill, therefore, would be merely to produce double trouble—additional ex- ·pense—more delay.

We think the supplemental bill ought to have been allowed;. and so, that the judgment of the Court below, in this case, ought to be reversed.

[2.] And this, in effect, disposes of the case of Solomons· and others against Rogers; for if the supplemental bill had· been allowed, as it should have been, then the plaintiffs' case· would have become such that the injunction should not be· dis- solved until the equity of that supplemental bill should have been sworn off. The supplemental bill would have made the· plaintiffs' such· as to call for a new answer.

We think, therefore, that it is well that the Court below· refused to dissolve the injunction.